IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| John Gecy, | : |
| Plaintiff, | : Civil Action No.: 9:16-cv-873-RMG |
| v. | : |
| Midland Funding LLC; and DOES 1-10, inclusive, | : **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | : |

For this Complaint, the Plaintiff, John Gecy, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, John Gecy ("Plaintiff"), is an adult individual residing in Beaufort, South Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Midland Funding LLC ("Midland"), is a California business entity with an address of 8875 Aero Drive, Suite 200, San Diego, California 92123, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Midland and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Midland at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Midland for collection, or Midland was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Midland Engages in Harassment and Abusive Tactics

12. Within the last year, the Defendants contacted the Plaintiff in an attempt to collect the Debt.

13. Midland has placed several calls to Plaintiff's cellular telephone in an attempt to collect the Debt.

14. Plaintiff obtained his current cellular telephone number after the Debt was allegedly incurred and never provided his current cellular telephone number to either the Creditor or Midland.

15. Midland utilized an automatic dialing system ("ATDS") to place calls to Plaintiff's cellular telephone.

16. When Plaintiff answered telephone calls from Midland, he was met with a period of silence before being transferred to a live Midland representative.

17. The foregoing is indicative of a predictive dialer, which is an ATDS under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* (the "TCPA").

18. Plaintiff has answered more than one hundred phone calls from Midland in which Midland utilized an ATDS.

### C. Plaintiff Suffered Actual Damages

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq.*

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## WRONGFUL INTRUSION INTO PRIVATE AFFAIRS

26.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     South Carolina state law recognizes the Plaintiff's right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff; thus, the Defendants violated South Carolina state law.

28.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls to her home.

29.     The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency that they caused serious mental suffering, shame, and humiliation to Plaintiff thus satisfying the state law requirement for an invasion of privacy.

30. The conduct of the Defendants in engaging in the illegal collection activities demonstrated blatant and shocking disregard of Plaintiff's rights and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

31. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

32. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT III

### INTENTIONAL AND RECKLESS INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

34. The conduct engaged in by the Defendants vis-à-vis the Plaintiff was committed intentionally and/or recklessly and was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

35. The actions of the Defendants caused the Plaintiff emotional distress.

36. The emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure it.

37. Therefore, the foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of South Carolina.

38.     All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## COUNT IV

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

39.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

41.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

42.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
5. Actual damages from the Defendants for all damages including emotional

distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional and/or reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 18, 2016

Respectfully submitted,

By _____
Brian J. Headley, Esquire
Headley Law LLC
1156 Bowman Rd., Suite 200
Mount Pleasant, SC  29464
(843) 375-6181
(843) 375-6185 (fax)
brian@headleylawllc.com
bheadley@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424